UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                5:09-CR-0038-GTS-1

JOSEPH R. NIER,

                            Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

HON. ANDREW T. BAXTER                  LISA M. FLETCHER, ESQ.
United States Attorney for the              Assistant United States Attorney
   Northern District of New York
   Counsel the Government
100 South Clinton Street
Syracuse, NY 13261-7198

HON. ALEXANDER BUNIN, ESQ.          MELISSA A. TUOHEY, ESQ.
Federal Public Defender for the            Assistant Federal Public Defender
   Northern District of New York
   Counsel for Defendant
4 Clinton Exchange, 3d Floor
Syracuse, NY 13260

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court are the following three motions: (1) a motion by Joseph Nier

("Nier") for an Order dismissing the Indictment charging him with failing to register or update

his registration as a sex offender in violation of 18 U.S.C. § 2250, as required by the Sex

Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq*. (Dkt. No.

10); (2) a motion by Nier for an alternative Order accepting his requested jury instruction that

includes knowledge as an element of a charge under SORNA (Dkt. No. 10); and (3) the

Government's cross-motion for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1) (Dkt.

No. 12).  For the reasons set forth below, the Court denies Plaintiff's motion to dismiss the

Indictment; the Court denies without prejudice Plaintiff's alternative motion for a jury

instruction; and the Court grants the Government's cross-motion for reciprocal discovery.

## I.      RELEVANT BACKGROUND

None of the issues raised by Nier's in his motion papers involve any factual disputes.

(*See* Dkt. No. 10.)  Rather, the issues raised by Nier in his motion papers are solely constitutional

challenges to SORNA's applicability to him, and to the Government's previously proposed jury

instruction (filed in other SORNA prosecutions) stating that knowledge is not an element of a

charge under SORNA.  (*Id.*)  Thus, the Court will only briefly discuss the facts in this case.

On or about December 3, 2003, Nier pled guilty to violating Section 130.65 of the New

York Penal Law–Sexual Abuse in the First Degree, a Class D felony, and was sentenced to six

months incarceration and ten years probation.  (Dkt. No. 13.)  As a result of that sentence, Nier

was designated a Level 1 Sex Offender by the State of New York, and was required to register as

a sex offender and keep his registration up to date pursuant to New York State Correction Law

Section 168-a.

On February 2, 2004, Nier completed a New York Sex Offender Registration form.  (*Id.*)[1]

Nier subsequently filed the required annual address verifications in February 2005, February

2006, February 2007, and February 2008.  (Dkt. No. 12, Part 3.)  On June 11, 2008, Nier filed a

---

[1]      When Nier so registered, he acknowledged the following facts, among others: (1)
that his responsibility to register as a sex offender is a lifetime requirement; (2) that, upon
changing his location or place of residence, either in the present registering agency's jurisdiction,
or anywhere inside or outside of the state, he must inform in writing, within five working days,
the law enforcement agency with which he last registered; and (3) if he moves out of New York,
he is required to register in any state in which he is located or resides, within ten days, with the
law enforcement agency having jurisdiction over his residence or location.  (Dkt. No. 13 at 2.)

New York State Sex Offender Change of Address Form (DCJS-3231).  (Dkt. No. 14.)  This was the last change-of-address form received by the New York State Division of Criminal Justice Services ("NY DCJS") from Nier.

On June 23, 2008, following his release to parole supervision after serving a prison sentence for an unrelated offense, Nier reviewed, and signed the conditions of his release with Parole Officer Matt Mullin.  (Dkt. No. 12, Part 5.)  Section 13(v) of the Special Conditions of Release to Parole Supervision, signed by Nier, states that "[Nier] will comply with the directive to register as a sex offender with the designated law enforcement agency as required."  (*Id*. at 3.)

On December 22, 2008, New York State Parole Officer Cliff Cuda contacted the United States Marshal's Service to notify it that Nier was absent from supervision.  Information surfaced showing that Nier had been transported to a relative's home in Florida.  On January 9, 2009, the Florida Regional Fugitive Task Force team located Nier in Lake City, Florida.  Information surfaced showing that Nier had been living in Florida since approximately November, 2008.  An investigation by officials in Florida and New York showed that Nier had not notified the Florida Sex Offender registry of his change of residence from New York to Florida, and likewise that the NY DCJS had not received a change-of-residence form from Nier.

**II.     RELEVANT STATUTORY LANGUAGE**

SORNA provides as follows, in pertinent part:

> **Registry requirements for sex offenders**
>
> **(a) In general**
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of his residence.

**(b) Initial registration**

The sex offender shall initially register–

**(1)** before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

**(2)** not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

**(c) Keeping the registration current**

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

**(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 [the date of the enactment of this Act] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for the other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(a)-(d).

On February 28, 2007, the Attorney General issued an interim rule effective February 28, 2007, which states, in pertinent part, as follows: "[T]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act."  28 C.F.R. § 72.3.

SORNA subjects the sex offender, who fails to register or keep his registration current, to fines or imprisonment, or both.  Specifically, SORNA provides as follows, in pertinent part:

4

**Failure to register**

**(a) In general.**–Whoever–

> **(1)** is required to register under the Sex Offender Registration and Notification Act;

> **(2) (A)** is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

> **(B)** travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

> **(3)** knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

## III.    ANALYSIS

### A.    Nier's Motion to Dismiss the Indictment

Nier's motion to dismiss the Indictment is based on four grounds: (1) SORNA is not applicable to Nier because New York and Florida have not yet implemented SORNA; (2) Congress lacks the power to force individuals convicted of purely local sex offenses to register as sex offenders; (3) SORNA impermissibly encroaches upon state power in violation of the Tenth Amendment; and (4) SORNA violates the "Non-Delegation Doctrine," which prohibits Congress from delegating its legislative authority to another branch of the government (i.e., the executive branch).  (Dkt. No. 10, Part 1, at 1.)

The Government opposes Nier's motion on two alternative grounds.  (Dkt. No. 12, Part 1.)  First, Nier has failed to meet his initial threshold burden of showing cause for the granting of

his motion, because he has failed to file a memorandum of law, as is required under Local Rule 7.1.  (*Id*. at 6 [attaching page "4" of the Government's Memo. of Law].)  Second, even if the Court were to construe Nier's arguments as being similar to arguments raised by other defendants in SORNA prosecutions, the Court should reject those arguments on the merits.  (*Id*. at 6-15 [attaching pages "4" to "13" of the Government's Memo. of Law].)

The Court agrees with the Government.  As an initial matter, Nier has failed to meet his initial threshold burden of showing cause for the granting of his motion, because he has failed to file a memorandum of law, as is required under Local Rule 7.1.  In his motion to dismiss, Nier does not submit a memorandum of law presenting with particularity the legal arguments in favor of the order of dismissal he requests.  *See* Fed. R. Crim P. 47(b); N.D.N.Y. L.R. 7.1(a)(1); *cf*. Civ. P. 7(b)(1)(B).  Rather, he cites a previous case of this Court, *United States v. Romeo*, 08-CR-0694, Order (N.D.N.Y. Jan. 20, 2009) (Suddaby, J.), and states that he "raises the same arguments as made in *Romeo* for the purpose of preserving the issue for appeal."  (Dkt. No. 10, Part 1, at 2.)  Nier's motion may be dismissed on this ground alone.

In any event, even if the Court were to construe Nier's arguments as being the same as to the arguments raised by the defendant in *United States v. Romeo*, 08-CR-0694, Memo. of Law in Support of Def.'s Motion to Dismiss (N.D.N.Y. filed Dec. 12, 2008), the Court would reject those arguments on the merits, for the same reasons as stated in *United States v. Romeo*, 08-CR-0694, 2009 WL 1401422, at *3-5 (N.D.N.Y. Jan. 20, 2009) (Suddaby, J.).

### 1. Whether SORNA Is Not Applicable to Nier Because New York and Florida Have Not Yet Implemented SORNA

Nier's first argument has been offered by other sex offenders in various district courts across the country, and the majority of our sister courts have rejected the argument.  In fact, three

judges of this District have rejected that argument.[2]  It is clear that SORNA became effective

July 27, 2006.[3]  The Attorney General has adopted an interim regulation, effective on February

28, 2007, which provides that SORNA applies to sex offenders who were convicted, like Nier,

before the enactment of SORNA.  As District Judge Gary L. Sharpe, of this District, has

previously observed, "the fact that states have not yet met their SORNA obligations is irrelevant

to the obligations of a sex offender to comply with SORNA."  *Lamere*, 2008 WL 5244125, at *2

[citing *Hester*, 2008 WL 351677, at *2]; *see also Van Buren*, 2008 WL 3414012, at *6.

      With respect to any argument that application of SORNA violates the *Ex Post Facto*

Clause, the Court notes that this argument has also been rejected by the majority of our sister

courts.  *See, e.g., Lamere*, 2008 WL 5244125, at *2; *Van Buren*, 2008 WL 3414012, at *7.  As

Judge William Jay Riley, of the Eighth Circuit, has explained:

> If Congress intended SORNA to impose punishment for a pre-existing
> crime, the statute violates the ex post facto clause. . . .  [However,]
> Congress stated its purpose in establishing [SORNA] was to protect
> the public from sex offenders and offenders against children, and in
> response to the vicious attacks by violent predators. . . .  SORNA's
> registration requirement demonstrates no congressional intent to
> punish sex offenders . . . .  SORNA does not punish an individual for
> previously being convicted of a sex crime . . . .  Thus, prosecuting [a
> sex offender] under § 2250 is not retrospective and does not violate the
> ex post facto clause.

*United States v. May*, 535 F.3d 912, 919-20 (8th Cir. 2008) [internal quotation marks and

---

[2]     *See United States v. Lamere*, 08-CR-0475, 2008 WL 5244125 (N.D.N.Y. Dec. 15, 2008) (Sharpe, J.); *United States v. Besanson*, 08-CR-0329, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Curry*, 08-CR-0241, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Van Buren*, 08-CR-0198, 2008 WL 3414012 (N.D.N.Y. Aug. 8, 2008) (McAvoy, J.); *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869 (N.D.N.Y. June 13, 2008) (Scullin, J.); *United States v. Hester*, 07-CR-0376, 2008 WL 351677 (N.D.N.Y. Feb. 7, 2008) (Sharpe, J.).

[3]     *Lamere*, 2008 WL 5244125, at *2; *Hester*, 2008 WL 351677, at *1.

citations omitted].  This Court agrees with the view of the Eighth Circuit, as well as with the view of the majority of the district courts addressing the issue, that SORNA does not violate the *Ex Post Facto* Clause.  *Lamere*, 2008 WL 5244125, at *3; *Van Buren*, 2008 WL 3414012, at *7.

With respect to any argument that application of SORNA violates the Due Process Clause, the available record evidence indicates Nier was on notice that he had to register and keep his registration current when moving.  Nothing in the record reflects otherwise.  Had Nier complied with his registration obligations, he would have complied with SORNA.  As a result, there is no due process violation.  *Lamere*, 2008 WL 5244125, at *3 [citing *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869, at *3 (N.D.N.Y. June 13, 2008) (Scullin, J.)]; *Van Buren*, 2008 WL 3414012, at *7-8.

### 2.     Whether Congress Lacks the Power to Force Individuals Convicted of Purely Local Sex Offenses to Register as Sex Offenders

Congress's power to regulate commerce includes the power to regulate the following "three broad categories of activity": (1) "the use of channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relation to interstate commerce."  *United States v. Lopez*, 514 U.S. 549, 558-59 (1995) [citations omitted].  "SORNA . . . derives its authority from each prong of *Lopez*–and most specifically, the ability to regulate persons or things in interstate commerce and the use of the channels of interstate commerce."  *May*, 535 F.3d at 921 [internal quotation marks omitted]. As a result, "SORNA contains a sufficient nexus to interstate commerce."  *Id*. at 922; *Lamere*, 2008 WL 5244125, at *3.[4]

---

[4]     Furthermore, under *Lopez*, "[a] showing that a regulated activity substantially affects interstate commerce (as required for the third [prong]) is not needed when Congress regulates activity in the first two [prongs].)."  *United States v. Gil*, 297 F.3d 93, 100 (2d Cir.

Furthermore, the main thrust of an attack on the constitutionality of 42 U.S.C. § 16913 under the Commerce Clause is based on the following three decisions: *United States v. Waybright*, 561 F. Supp.2d 1154 (D. Mont. 2008); *United States v. Hall*, 577 F. Supp.2d 610 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Myers*, 08-CR-60064, 2008 WL 5156671 (S.D. Fla. Dec. 9, 2008); *see also United States v. Guzman*, 582 F. Supp.2d 305 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Powers*, 544 F. Supp.2d 1331 (M.D. Fla. 2008).

These cases constitute the minority view on the issue, and have been expressly rejected by several courts. *See*, *e.g.*, *United States v. Howell*, No. 08-2126, 2009 WL 66068, at *3-6, & n.3 (8th Cir. Jan. 13, 2009) (rejecting the five cases cited above); *Lamere*, 2008 WL 5244125, at *3 (rejecting *Hall*, 577 F. Supp.2d 610); *United States v. Pena*, 582 F. Supp.2d 851, 856 (W.D. Tex. 2008) (rejecting *Waybright*, 561 F. Supp.2d 1154, and *Powers*, 544 F. Supp.2d 1331). After carefully reviewing those decisions, this Court respectfully rejects them as well.

Accordingly, the Court follows the majority view and determines that § 16913 and § 2250(a) are interrelated components of SORNA as a whole, and that both sections must be read together, not in isolation. *Lamere*, 2008 WL 5244125, at *3. As a sister court recently observed:

> The federal duty [to comply with SORNA] does not operate in a vacuum. SORNA's requirement that all sex offenders register is unenforceable until a sex offender crosses state line, at which point the failure to abide by one's federal duty bears federal consequences. Together § 16913 and § 2250(a) are components of a symbiotic statutory scheme in which there is no criminal penalty unless there is a failure to register and, conversely, failure to register cannot be enforced without a criminal penalty. . . . Section 2250(a) lacks all meaning without reference to § 16913, and § 16913 lacks all effect without reference to § 2250(a).

---

2002) [citation omitted]; *Lamere*, 2008 WL 5244125, at *3.

*United States v. Crum*, 08-CR-0255, 2008 WL 4542408, at *9 (W.D. Wash. Oct. 8, 2008) [internal quotation marks and citation omitted].  As a result, this Court rejects any argument that 42 U.S.C. § 16913 is unconstitutional under the Commerce Clause.  *Lamere*, 2008 WL 5244125, at *4.

Furthermore, 42 U.S.C. § 16913 finds support in the Necessary and Proper Clause.  This Clause "empowers Congress to enact laws in effectuation of its enumerated powers that are not within its authority to enact in isolation." *Gonzales v. Raich*, 545 U.S. 1, 39 (2005).  As District Judge Thomas J. McAvoy, of this District, has observed,

> [T]he purpose of SORNA is to provide a comprehensive national system registration of sex offenders–including a listing of the offender's current residences, and the sharing of such information in order to protect the public from these individuals.  The registration and updating requirements of § 16913 are necessary to make § 2250(a)–a regulation of interstate commerce–effective.

*Van Buren*, 2008 WL 3414012, *14 [citation omitted].  As a result, 42 U.S.C. § 16913 does not exceed Congress's power under the Commerce Clause, and, to the extent that Nier's motion is premised on this ground, that motion is denied.  *Lamere*, 2008 WL 5244125, at *4.

### 3.        Whether SORNA Impermissibly Encroaches Upon State Power in Violation of the Tenth Amendment

Courts have rather consistently rejected the argument that SORNA compels the states to aid the federal registration of sex offenders.  *Id*.  The flaw of the argument is that Nier is not able to show that SORNA has compelled the states of New York or California to make any changes in their state sex offender registries.  *Id*. (citing *Hall,* 2008 WL 4307196 at *5).  As a result, Nier's argument under the Tenth Amendment is without merit, and his motion on this ground is denied.  *Id*.

10

### 4.       Whether SORNA Violates the Non-Delegation Doctrine

Courts have also rather consistently rejected the argument that a violation of the non-delegation doctrine of the Constitution occurred when SORNA, under 42 U.S.C. § 16913, delegated to the United States Attorney General the authority to apply and promulgate rules, i.e., legislate, under SORNA.  *Id.*  For example, as explained by District Judge Donald W. Molloy, of the District of Montana, "[t]he non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority."  *United States v. Waybright*, 561 F. Supp.2d 1154, 1170-71 (D. Mont. 2008) (citing *Mistretta v. United States*, 488 U.S. 361 372-73 [1989]).  Section 16913 authorizes the Attorney General to promulgate regulations only in limited circumstances.  As a result, delegation does not offend the non-delegation doctrine, and Nier's motion on this ground is denied.  *Lamere*, 2008 WL 5244125, at *4 (citing *United States v. Senogles*, 570 F. Supp.2d 1134, 1150-51 [D. Minn. 2008] and *Mistretta*, 488 U.S. at 372).

### B.       Nier's Alternative Motion to Accept His Jury Instruction

In the alternative, Nier requests an Order accepting his requested jury instruction that includes knowledge as an element of a charge under SORNA.  (Dkt. No. 10.)  The Court agrees that Nier's alternative motion is premature.  (Dkt. No. 12, Part 1, at 6, 7 [attaching pages "4" and "5" of the Government's Memo. of Law].)  As a result, the Court denies this motion without prejudice.

### C.       The Government's Cross-Motion for Reciprocal Discovery

The Government's cross-motion for reciprocal discovery, pursuant to Fed. R. Crim. P. 16(b)(1), requests an Order directing Nier to do the following:

(A) Permit the Government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Nier, which Nier intends to introduce as evidence in chief at the trial;

(B) Permit the Government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Nier, which Nier intends to introduce as evidence in chief at the trial or which were prepared by a witness whom Nier intends to call at the trial when the results or reports relate to that witness' testimony; and

(C) Disclose to the Government a written summary of testimony that Nier intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial, and require that the summary describe the opinions of the witnesses, the bases and reasons thereof, and the witnesses' qualifications.  (Dkt. No. 12.)

During the nearly three weeks that have elapsed since the filing of the Government's cross-motion, Nier has not filed an opposition to the cross-motion.  (*See* Docket Sheet.)  A movant's burden of persuasion on an unopposed motion is lightened such that, in order to succeed, its motion need only be facially meritorious.  *See* N.D.N.Y. L.R. 7.1(b)(3).[5]  Here, the Government has met this lightened burden.  As a result, the Government's unopposed cross-motion is granted.

**ACCORDINGLY**, it is

---

[5]       *See*, *e.g.*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 WL 911891, at *7, nn. 42-43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.) (collecting cases).

**ORDERED** that Nier's motion for an Order dismissing the Indictment (Dkt. No. 10) is

**DENIED**; and it is further

**ORDERED** that Nier's motion for an alternative Order accepting his requested jury

instruction that includes knowledge as an element of a charge under 18 U.S.C. § 2250 (Dkt. No.

10) is **DENIED without prejudice**; and it is further

**ORDERED** that the Government's cross-motion for reciprocal discovery pursuant to

Fed. R. Crim. P. 16(b)(1) (Dkt. No. 12) is **GRANTED**.

Dated: April 21, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge